COURT OF APPEALS
DECISION
DATED AND FILED

**January 29, 2025**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* **WIS. STAT. § 808.10 and RULE 809.62.**

**Appeal Nos.  2023AP2076-CR
2023AP2077-CR**

Cir. Ct. Nos.  2021CM2064
2022CF380

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

DOUGLAS J. MENGER,

    DEFENDANT-APPELLANT.

APPEAL from judgments and an order of the circuit court for Waukesha County:  WILLIAM J. DOMINA and JENNIFER R. DOROW, Judges. *Affirmed*.

Before Gundrum, P.J., Grogan and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. In these consolidated cases, Douglas J. Menger appeals from judgments of conviction entered upon his guilty pleas. He also appeals from a circuit court order denying his postconviction motion for resentencing based on inaccurate information or sentence modification based on a new factor. We affirm the judgments and order.

¶2 Pursuant to a plea agreement, Menger entered guilty pleas to taking and driving a motor vehicle without the owner's consent, disorderly conduct, and resisting an officer—each as a repeater. The charges stemmed from separate incidents in which Menger stole a car and bragged to several teenagers about it, provided alcohol to several teenagers, and propositioned a thirteen-year-old girl, offering her five dollars to take off her shirt. Other charges were dismissed and read in, and four misdemeanor charges for contributing to the delinquency of a child were dismissed.

¶3 At the sentencing hearing, Menger apologized to "the people that I've affected," and in particular to "these young kids." He stated, "I shouldn't have been out there doing what I was doing" and admitted that "they were giving me money in order to buy them alcohol. So I was doing it." He further characterized his comment to the thirteen year old about taking her shirt off as a joke and told the sentencing court he felt horrible about it. The court made comments covering nine pages of transcript. When discussing the potential exposure Menger faced for his convictions, the court incorrectly stated that the misdemeanor counts for contributing to the delinquency of a child had been dismissed and read in, rather than merely dismissed. Neither the State nor Menger corrected the court.

¶4 The sentencing court identified several aggravating factors, including that Menger had a lengthy criminal history spanning over twenty years, and he had

only recently been released from confinement on previous convictions and was out on extended supervision when he committed these new offenses. The court explained it was imposing a sentence which addressed "the seriousness of the offenses, the need to protect the public, and [Menger's] character and rehabilitative needs." The court sentenced Menger to eight years of prison on the take-and-drive-motor-vehicle-without-consent count, consisting of four years of initial confinement followed by four years of extended supervision, consecutive to the sentence Menger was serving after the revocation of his supervision. On the disorderly conduct and obstructing counts, both with repeater enhancers, the court sentenced Menger to six months of jail for each count, consecutive to all other sentences.

¶5 Menger filed a postconviction motion for resentencing. He claimed the circuit court based his sentence on inaccurate information; specifically, the brief comment by the court that referred to the four misdemeanor charges against Menger for contributing to the delinquency of a child having been "dismissed and read in" as part of the plea agreement. As noted above, those charges had actually been dismissed rather than dismissed and read in. Alternatively, Menger sought sentence modification, claiming the court's erroneous statement was a new factor.

¶6 The postconviction court denied the motion. It found that "when considering the totality of the comments in the sentencing document it is clear … that while there was an erroneous statement as to the foundational charges that were before the court on the date for sentencing," the "consideration of the issues related to the charges that were dismissed outright were clearly considerations factually as of the defendant's character," which a sentencing court must take into account when imposing any sentence. The postconviction court further determined that Menger's sentence was neither "unjust" nor "unfair" "[b]ecause … the error committed was harmless to the defendant in terms of sentencing." Menger appeals.

3

¶7    "A defendant has a constitutionally protected due process right to be sentenced upon accurate information." *State v. Tiepelman*, 2006 WI 66, ¶9, 291 Wis. 2d 179, 717 N.W.2d 1.  Whether the defendant has been denied this right is an issue we review de novo.  *See id.*  A defendant seeking resentencing because of allegedly inaccurate information "must establish that there was information before the sentencing court that was inaccurate, and that the circuit court actually relied on the inaccurate information." *Id.*, ¶31.  "Whether the court 'actually relied' on the incorrect information ... [is] based on whether the court gave 'explicit attention' or 'specific consideration' to it, so that the misinformation 'formed part of the basis for the sentence.'" *Id.*, ¶14 (citation omitted).  If the defendant meets this burden, the burden shifts to the State to show the error was harmless.  *See id.*, ¶31.  The State can meet this burden "by demonstrating that the sentencing court would have imposed the same sentence absent the error." *State v. Travis*, 2013 WI 38, ¶73, 347 Wis. 2d 142, 832 N.W.2d 491.

¶8    We reject Menger's argument that the sentencing court's misstatement warranted resentencing because it was based on inaccurate information.  While technically inaccurate because the delinquency charges were dismissed rather than dismissed and read in, "[i]naccurate information standing alone does not require resentencing. ... [T]he Constitution does not ensure perfect accuracy." *See United States ex rel. Villa v. Fairman*, 810 F.2d 715, 718 (7th Cir. 1987).

¶9    The misstatement to which Menger objects was made in the context of discussing the sentence exposure.  The sentencing court's full comment, in wider context, was:

> The disorderly conduct, resisting, all of the -- contributing to
> the delinquency of a child, they were all dismissed and read

4

in, along with the drug paraphernalia and resisting/obstructing.

But the fact remains, sir, is that you're facing a considerable amount of exposure. And you're someone who was on extended supervision. And we all hope, in the system, that when someone is held accountable for an offense that they serve their time, they learn their lesson, and they are then propelled to be different.

¶10 It is evident that with the comment above, the sentencing court was simply observing that even though Menger was not convicted on all charges against him, he still faced extensive imprisonment. The court was clearly concerned that Menger had only recently been released from a lengthy term of initial confinement for another conviction, and he was still on extended supervision, when he committed the offenses at issue. The court's comment was an obvious expression of concern that, despite the severe consequences arising from his prior crimes, his criminal behavior persisted. The status of the misdemeanor charges was not, as will be seen below, "'part of the basis for [Menger's] sentence.'" *See Tiepelman*, 291 Wis. 2d 179, ¶14 (citation omitted).

¶11 We are also unpersuaded that the sentencing court's misstatement constitutes a new factor. A new factor is a fact or set of facts that is "highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties." *Rosado v. State*, 70 Wis. 2d 280, 288, 234 N.W.2d 69 (1975); *see also **State v. Harbor**, 2011 WI 28, ¶¶40, 57, 333 Wis. 2d 53, 797 N.W.2d 828. Inaccurate information used at sentencing may be a new factor if it was highly relevant to the imposition of the sentence and was relied upon by the circuit court. *Tiepelman*, 291 Wis. 2d 179, ¶26. "Whether the court 'actually relied' on the incorrect information at sentencing [is] based upon whether the court gave 'explicit attention' or 'specific consideration'

5

to it, so that the misinformation 'formed part of the basis for the sentence.'" *Id.*, ¶14 (citation omitted). The defendant must demonstrate the existence of a new factor by clear and convincing evidence. *See Harbor*, 333 Wis. 2d 53, ¶36. If the circuit court determines that a new factor exists, it then determines, in its exercise of discretion, whether modification of the sentence is warranted. *Id.*, ¶37.

¶12 Whether the delinquency charges were dismissed and read in or simply dismissed was not highly relevant to the imposition of Menger's sentence: as the postconviction court found, its relevance was limited to assisting the court in assessing Menger's character. The conduct underlying these charges was admitted by Menger in his allocution, and there is no doubt that the court's concern was that Menger's conduct toward the minors and his related convictions demonstrated obvious flaws in his character.

¶13 However, even if the sentencing court had relied on inaccurate information, the error was harmless, and even if the court's misstatement constituted a new factor, the circuit court properly exercised its discretion to determine that sentence modification was not warranted. Wisconsin recognizes the importance of sentencing tailored to a specific defendant and his or her specific crimes. *State v. Gallion*, 2004 WI 42, ¶48, 270 Wis. 2d 535, 678 N.W.2d 197. To that end, we expect sentencing courts to consider a variety of factors and objectives when exercising discretion to craft a sentence. *See, e.g.*, *State v. Odom*, 2006 WI App 145, ¶7, 294 Wis. 2d 844, 720 N.W.2d 695. Menger's sentence is adequately supported by the record and would clearly have been the same absent any erroneous reference to the status of the four misdemeanor delinquency charges. *See Travis*, 347 Wis. 2d 142, ¶73.

6

¶14    The sentencing court adequately explained its reasons for its sentence, including why it determined that probation was not a viable option. In imposing sentence, the court considered the seriousness of the offenses, Menger's character, and the need to protect the public. *See* ***Gallion***, 270 Wis. 2d 535, ¶¶40-44. Menger had the opportunity to address the court directly, and did so prior to the court's imposition of sentence. The sentence imposed was well under the statutory maximum Menger faced. Thus, under the circumstances, it cannot reasonably be argued that Menger's sentence is unjust, unfair, or so excessive as to shock public sentiment. *See* ***Ocanas v. State***, 70 Wis. 2d 179, 185, 233 N.W.2d 457 (1975).

*By the Court.*—Judgments and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5 (2021-22).